# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

U.S.A. vs. Natasha Renee Donelly

Docket No: 2:04CR20136-02

04-20136

FILED BY _____ D.C.
05 JUL -5 AM 9:57
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

### Petition on Probation and Supervised Release

**COMES NOW** Dawn L. Brown, **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Natasha Renee Donelly who was placed on supervision by the Honorable Bernice B. Donald sitting in the Court at Memphis, TN, on the 28th day of September 2004, who fixed the period of Probation at one (1) year*, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for the testing and treatment of narcotic addiction or drug or alcohol dependency. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Office.

2. The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.

3. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

4. The defendant shall provide the Probation Officer access to any requested financial information.

5. The defendant shall make restitution in the amount of $741.88. **(Balance $741.88).**

\* Probation began September 28, 2004 in the ED/AR.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
**See Attached**

**PRAYING THAT THE COURT WILL ORDER** a **SUMMONS** be issued for Natasha Renee Donelly to appear before the United States District Court to answer charges of violation of her Probation.

**ORDER OF COURT**

Considered and ordered 1st day of July, 2005 and ordered filed and made a part of the record in in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed On June 23, 2005

_____
United States Probation Officer

Place: Memphis, Tn

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _____

RE:   **Natasha Renee Donelly**
      **Docket No: 2:04CR20136-02**
      **Probation Form 12**
      **Page 2**


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**The defendant, Natasha Renee Donelly, has violated the following conditions of her Probation**

**The defendant shall participate in substance abuse treatment and testing as deemed appropriate by the Probation Office.**

On October 25, 2004, the defendant was referred to Counseling Services of Eastern Arkansas for drug treatment and testing. The defendant failed to attend counseling session on February 11, February 18, March 7, March 14 and April 11, 2005. The defendant also failed to submit to drug screening on thirteen (13) occasions between November 11, 2004 and May 17, 2005.

**The defendant shall work regularly at lawful occupations unless excused by the Probation Officer for schooling training or other acceptable reasons.**

Since beginning her supervision in the Eastern District of Arkansas on September 28, 2004, the defendant has failed to secure employment.

**The defendant shall make restitution on the amount of $741.88.**

As of June 10, 2005, the defendant has made no payments towards her restitution.

# VIOLATION WORKSHEET

1. **Defendant** Natasha Renee Donelly,   (305 South 19th Street, West Memphis, AR   72304)

2. **Docket Number (Year-Sequence-Defendant No.)**   2:04CR20136-02

3. **District/Office**   Western District of Tennessee   (Memphis)

4. **Original Sentence Date**
   <u>09</u> month  <u>28</u> day  <u>2004</u> year

5. **Original District/Office**

6. **Original Docket Number (Year-Sequence-Defendant No.)**

7. List each violation and determine the applicable grade {see §7B1.1}:

   | Violation{s} | Grade |
   |---|---|
   | Non-Compliance with Drug Treatment | C |
   | Failure to secure employment | C |
   | Failure to make restitution payments | C |

8. **Most Serious Grade of Violation (see §7B1.1(b))**   C

9. **Criminal History Category (see §7B1.4(a))74**   I

10. **Range of imprisonment (see §7B1.4(a))**   3 - 9 months

    Having been convicted of a Class D Felony, the Statutory Maximum term of imprisonment is 24 months; U.S.C. § 3583(e)(3).

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

    { x }   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3©)(1) provides sentencing options to imprisonment.

    { }   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3©)(2) provides sentencing options to imprisonment.

    { }   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**DEFENDANT: Natasha Renee Donelly**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

    Restitution ($)741.88                  Community Confinement  N/A

    Fine ($)  N/A                          Home Detention  N/A

    Other  N/A                             Intermittent Confinement  N/A

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

    Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:
    _____
    _____

15. **Official Detention Adjustment** {see §7B1.3(e)}: _____ months _____ days

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 57 in case 2:04-CR-20136 was distributed by fax, mail, or direct printing on July 6, 2005 to the parties listed.

---

PDA
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Edwin A. Perry
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Samuel L. Perkins
SL PERKINS LAW GROUP, PLLC
147 Jefferson Ave.
Ste. 804
Memphis, TN 38103

April Rose Goode
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Valeria Rae Oliver
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT